JEFFREY KOLAR *et al.*, Plaintiffs-Appellants, v. ARLINGTON TOYOTA, INC., Defendant-Appellee.

First District (2nd Division)    No. 1—94—4238

Opinion filed December 31, 1996.

44

Norman Ruber, of Chicago, for appellants.

Edwin R. McCullough and Andy Norman, both of Chicago, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Following an arbitration award pursuant to Supreme Court Rules 86 through 95, the circuit court awarded attorney fees that were neither requested at the arbitration hearing nor contained in the award. For the reasons that follow, we reverse the trial court's judgment of attorney fees.

## FACTS

Dissatisfied after the purchase of a used car from defendant Arlington Toyota, Inc., the plaintiffs, Jeffrey and Linda Kolar, filed suit in the Cook County circuit court alleging breach of contract and violations of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1994)). The cause was assigned to mandatory arbitration and was set for hearing on November 18, 1993. Although the first amended complaint contained a prayer for attorney fees, plaintiffs did not request attorney fees at arbitration. Following a hearing, an arbitration panel awarded plaintiffs $4,500 in damages. Neither party exercised its right to reject the award

within the 30-day period provided by Supreme Court Rule 93(a) (145 Ill. 2d R. 93(a)). On January 3, 1994, on plaintiffs' motion, pursuant to Supreme Court Rule 92(c) (155 Ill. 2d R. 92(c)), the trial court entered judgment on the award in the amount of $4,500 and costs.

On January 31, 1994, plaintiffs filed a verified petition for costs, expenses, and attorney fees in the circuit court. Following a denial of defendant's motion to strike the fee petition, the court awarded plaintiffs $17,707.20 in attorney fees and $911.01 in court costs. On November 10, 1994, the trial court granted plaintiffs' supplemental fee petition and awarded an additional $8,323.20 in attorney fees and $23.62 in expenses. Defendant contends the trial court erred in awarding plaintiffs attorney fees totaling $26,030.40. Defendant does not contest the $934.63 in costs and expenses.

## ANALYSIS

■ The arbitration process is an alternative to costly and lengthy litigation and provides a means of obtaining an expedited hearing and decision in appropriate cases. J. Lerner, *Mandatory Arbitration: Welcome to Illinois*, 76 Ill. B.J. 418 (1988). In 1986, the Illinois General Assembly passed enabling legislation for a mandatory arbitration system in the Illinois circuit courts. See 735 ILCS 5/2—1001A *et seq.* (West 1994). The Illinois Supreme Court implemented the system with Supreme Court Rules 86 through 95 (originally set forth at 134 Ill. 2d Rs. 86 through 95). Supreme Court Rule 86(c) provides that each individual circuit court may adopt rules governing the conduct of arbitration proceedings. 155 Ill. 2d R. 86(c). The rules governing the Cook County circuit court are embodied in part 18 of its rules, entitled "Mandatory Arbitration of Certain Civil Cases." Cook Co. Cir. Ct. Rs. 18.1 through 18.7 (adopted January 10, 1990), 18.8 through 18.11 (adopted March 29, 1994).

Supreme Court Rule 86(b) provides "[a] civil action shall be subject to mandatory arbitration if each claim therein is exclusively for money in an amount or of a value not in excess of the monetary limit authorized by the Supreme Court for that circuit or county within that circuit, exclusive of interest and costs." 155 Ill. 2d R. 86(b). As originally enacted, this rule provided that the claim could not have a value exceeding $15,000. 134 Ill. 2d R. 86(b). Today, however, via the Cook County Circuit Court Rules, the monetary limit on damages is set at $30,000, exclusive of interest and costs. Cook Co. Cir. Ct. R. 18.3(b) (eff. October 2, 1995).

Supreme Court Rule 89 provides for prehearing discovery in accordance with Supreme Court Rule 222 (166 Ill. 2d R. 222). 166 Ill. 2d R. 89. Supreme Court Rule 90(a) further provides that the arbitrators

shall have the power to determine the admissibility of evidence and to decide the law and the facts of the case. 145 Ill. 2d R. 90(a). Finally, Supreme Court Rule 92 provides that the award made by the arbitration panel shall dispose of all claims for relief and that if none of the parties files a notice of rejection, any party may move the court to enter judgment on the award. 155 Ill. 2d Rs. 92(b), (c).

■ "[T]he supreme court rules concerning mandatory arbitration should not each be interpreted in isolation; instead, they should be considered in conjunction with the other mandatory arbitration rules." *Ratkovich v. Hamilton*, 267 Ill. App. 3d 908, 913 (1994). The rules should also be read in light of other applicable supreme court rules, the aforementioned circuit court rules (Cook Co. Cir. Ct. R. 18.1 through 18.7 (adopted January 10, 1990), 18.8 through 18.11 (adopted March 29, 1994), and enabling legislation (735 ILCS 5/2—1001A *et seq.* (West 1994)).

■ After reviewing the Illinois mandatory arbitration scheme in its entirety, we conclude that the system is not to be used as a supplement to trial. Nor is the mandatory arbitration system to be used to decide certain issues piecemeal, while allowing the parties to go to trial on other issues. Rather, the system is an alternative to trial where all issues raised by the parties are decided by the arbitration panel. We note, however, that the committee comments to Supreme Court Rule 86(d) provide:

> "A claimant who believes he has a reasonable basis for having the matter removed from an arbitration track may move the court for such relief prior to hearing. Where there are multiple claims in the action, the court may exercise its discretion to determine whether all meet the requirements of eligibility for arbitration and if not whether a severance could be made of any or several without prejudice to the parties." 155 Ill. 2d R. 86(d), Committee Comments.

Once the arbitration panel makes a decision concerning the issues raised, the award is deemed an all-or-nothing proposition, that must either be accepted or rejected in its entirety. We hesitate to say this rule is without any exceptions. However, we can safely say the rule does apply to the instant case where attorney fees are authorized by statute, prayed for in the complaint, but not requested during the arbitration hearing. That the award is an all-or-nothing proposition is further supported by Supreme Court Rule 92(d), which allows the circuit court to correct an arbitration award only for an

obvious and unambiguous error in mathematics or language. 155 Ill. 2d R. 92(d). According to Judge Jerome Lerner, who assisted in drafting the mandatory arbitration rules, the main goal of the arbitration process is to reach a final resolution of the dispute in question. 76 Ill. B.J. at 422. As such:

> "Where the award discloses an obvious and unambiguous error in mathematics or language, a court, upon application by a party, may make a correction. This is the sole remedy for a claimed error in the arbitration proceeding. Errors in judgment or mistakes of law or fact will not serve as a basis to set aside or vacate an award. Rejection of the award is the sole intended remedy from an award." 76 Ill. B.J. at 426.

See also *Cruz v. Northwestern Chrysler Plymouth Sales, Inc.*, 285 Ill. App. 3d 814, 817-18 (1996).

■ We repeat, Supreme Court Rule 90(a) expressly grants to the arbitration panel the power to decide the law and the facts of the case. 145 Ill. 2d R. 90(a). Supreme Court Rule 92(b) states that the award shall dispose of all claims for relief. 155 Ill. 2d R. 92(b). Accordingly, we reject, without further comment, plaintiffs' several arguments that the arbitration panel was without power to award attorney fees. Plaintiffs also argue that because the arbitrator's authority could not exceed $15,000, their statutory right to attorney fees would be greatly diminished. However, in the event plaintiffs were unsatisfied with the award, they could have rejected the entire award and proceeded to trial. More importantly, the committee comments to Supreme Court Rule 86(d) specifically provide that plaintiffs could have sought removal from the arbitration track or severance of the issues prior to hearing. 155 Ill. 2d R. 86(d), Committee Comments.

Finally, even if we were to accept any of plaintiffs' arguments, the result would not change because of the fundamentally unfair nature of this particular case. Plaintiffs proceeded to arbitration with full knowledge of their possible entitlement to statutory attorney fees. Fees were prayed for in their amended complaint. Yet, at arbitration, plaintiffs did not raise the issue. Once the award was entered, defendant had 30 days to reject the award. Whether to reject an award is oftentimes a purely economic decision that involves weighing the amount of the award against the costs of future litigation. With that in mind, defendant chose to end the dispute and forwent rejecting the $4,500 award. Then, after defendant's right to reject the award had expired, defendant was faced with a judgment totalling $31,465.03.

## CONCLUSION

For the above-stated reasons, we vacate that portion of the circuit

court's judgment awarding plaintiffs $26,030.40 in attorney fees. We affirm that portion of the judgment awarding $934.63 in costs.

Affirmed in part and reversed in part.

DiVITO, P.J., and McNULTY, J., concur.