# Illinois Official Reports

## Appellate Court

***Heartland Bank & Trust v. Katz*, 2020 IL App (1st) 182259**

| | |
|---|---|
| Appellate Court Caption | HEARTLAND BANK AND TRUST, as Trustee Under Trust Agreement No. 3846, Under Agreement Dated December 13, 2000, Plaintiff-Appellant, v. MATTHEW A. KATZ and MOISES HERNANDEZ, Defendants-Appellees. |
| District & No. | First District, First Division<br>No. 1-18-2259 |
| Filed | March 23, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-M3-5319; the Hon. Catherine A. Schneider, Judge, presiding. |
| Judgment | Affirmed in part and dismissed in part. |
| Counsel on Appeal | Richard M. Craig, of Law Offices of Richard M. Craig, P.C., of Chicago, for appellant.<br><br>Joseph G. Howard and Jay T. Mergenthaler, of Law Offices of Joseph G. Howard, P.C., of Chicago, for appellee Moises Hernandez.<br><br>No brief filed for other appellee. |

Panel     JUSTICE PIERCE delivered the judgment of the court, with opinion.
Justices Hyman and Walker concurred in the judgment and opinion.

**OPINION**

¶ 1  Plaintiff, Heartland Bank & Trust, as trustee under trust agreement No. 3864, under agreement dated December 13, 2000 (Heartland), appeals from two orders of the circuit court of Cook County. First, Heartland appeals from the circuit court's January 17, 2018, order granting defendant Moises Hernandez's petition to vacate a default judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)). Second, Heartland appeals from the circuit court's September 18, 2018, order denying Heartland's petition for attorney fees against defendant Matthew A. Katz. For the reasons that follow, we lack jurisdiction to review the circuit court's January 17, 2018, order granting Hernandez's section 2-1401 petition—which was a final and appealable order under Illinois Supreme Court Rule 304(b)(3) (eff. Mar. 8, 2016)—because Heartland did not file a notice of appeal within 30 days of the entry of the circuit court's order. We have jurisdiction to consider the circuit court's denial of Heartland's request for attorney fees against Katz and find that the circuit court did not abuse its discretion by denying Heartland additional attorney fees. We therefore affirm the circuit court's judgment in part and dismiss the remainder of Heartland's appeal.

¶ 2             I. BACKGROUND

¶ 3  We set forth only those facts relevant to our disposition. In 2004, defendants and Heartland[1] executed a commercial real estate lease agreement (lease agreement) for a premises located in Chicago. The initial lease period ran from November 1, 2004, through July 31, 2009. Both defendants personally executed the lease agreement. The lease agreement was extended on February 13, 2013, for a period starting August 1, 2012, through July 31, 2016.[2] The extension of the lease agreement was executed by Katz only and in his capacity "as president of Katz Law Office, Ltd. and not individually." In August 2016, Heartland filed a verified complaint alleging that defendants[3] had vacated the premises prior to the expiration of the lease agreement and owed $25,812.51 in past due and additional rent. Heartland also alleged that, under the terms of the lease agreement, it was entitled to attorney fees incurred in enforcing the lease agreement. Heartland prayed for a money judgment, attorney fees, costs, and any other just relief. Attached to the complaint were copies of the lease agreement and the February 13, 2013, lease extension.

¶ 4  On February 23, 2017, the circuit court entered a default judgment in favor of Heartland and against defendants and awarded Heartland $25,812.51 in damages, $1500 in attorney fees, and costs.

---

[1]The original trustee was Western Springs National Bank & Trust, and the record reflects that Heartland is the successor trustee.

[2]The parties do not direct our attention to any portion of the record containing a lease agreement extension covering the period of August 1, 2009, through July 31, 2012.

[3]"Katz Law Office, Ltd.," was not named as a defendant in Heartland's complaint.

¶ 5    Defendants filed separate petitions pursuant section 2-1401 of the Code to set aside the default judgment. After briefing and hearing argument, the circuit court granted Katz's petition and vacated the default judgment against Katz.

¶ 6    Hernandez's petition—which is the only petition at issue in this appeal—was filed on July 31, 2017, and asserted in part that he was not a party to any of the extensions of the lease agreement after the initial lease agreement expired on July 31, 2009. On January 17, 2018, the circuit court granted Hernandez's petition and vacated the default judgment against Hernandez.

¶ 7    The matter then proceeded to mandatory court-annexed arbitration for the first municipal district of the circuit court of Cook County against both Hernandez and Katz. No party rejected the arbitration award.[4] On June 26, 2018, the circuit court entered judgment on the arbitration award in favor of Heartland and against Katz in the amount of $30,000, and in favor of Hernandez and against Heartland.

¶ 8    On July 18, 2018, Heartland filed a petition for attorney fees in the amount of $37,030 against Katz. Hernandez filed a petition for attorney fees against Heartland,[5] which is not at issue in this appeal. The record is devoid of any responses by any party to either of the attorney fee petitions. On September 18, 2018, the circuit court entered a handwritten order denying Heartland's and Hernandez's attorney fees petitions. No transcript or other report of proceedings for any hearing on the fee petitions has been included in the record on appeal.

¶ 9    Heartland filed a notice of appeal on October 18, 2018, identifying the circuit court's January 17, 2018, order granting Hernandez's section 2-1401 petition and the September 18, 2018, order denying Heartland's attorney fee petition against Katz. Hernandez has filed an appellee brief. Katz has not filed an appellee brief, and Heartland has not filed a reply brief.

¶ 10                                  II. JURISDICTION

¶ 11    We have an independent duty to ascertain our jurisdiction, even if not raised by the parties. We find that we lack jurisdiction to consider the circuit court's January 17, 2018, order granting Hernandez's section 2-1401 petition. The circuit court's order fully resolved Hernandez's petition, and the order was therefore appealable under Illinois Supreme Court Rule 304(b)(3) (eff. Mar. 8, 2016). Heartland failed to file a notice of appeal from that order within 30 days—as required by Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017) and Rule 304 (eff. Mar. 8, 2016). Therefore, Heartland's October 18, 2018, notice of appeal from the January 17, 2018, order was untimely.

¶ 12    Section 2-1401 of the Code allows a party to file a petition in the circuit court seeking relief from a final order or judgment more than 30 days after the entry of that order or judgment, provided that the petition is filed within two years of the complained of order or judgment. 735 ILCS 5/2-1401(a), (c) (West 2016). "A section 2-1401 petition is the initial pleading in a *new* proceeding, rather than a pleading seeking relief in the midst of an ongoing case." (Emphasis added.) *Studentowicz v. Queen's Park Oval Asset Holding Trust*, 2019 IL App (1st) 181182, ¶ 9 (citing *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002)). The circuit court may either dismiss, grant, or deny a section 2-1401 petition. See *People v. Vincent*, 226

_____

[4]The circuit court's judgment on the arbitration award indicates that "The Award of Arbitrators was filed with the Clerk of the Circuit Court of Cook County on May 22, 2018," but that document does not appear in the record on appeal.

[5]Hernandez's petition for attorney fees does not appear in the record on appeal.

Ill. 2d 1, 9 (2007). "[B]ecause a section 2-1401 petition begins a *separate action* [citation], the resolution of the petition *ends the entire action*." (Emphases added.) *Washington Mutual Bank, F.A. v. Archer Bank*, 385 Ill. App. 3d 427, 430 (2008).

¶ 13    Rule 304(b)(3) provides that "[a] judgment or order granting or denying any of the relief prayed in a petition under section 2-1401 of the Code" is appealable without any special findings by the circuit court. Ill. S. Ct. R. 304(b)(3) (eff. Mar. 8, 2016). Rule 304 also provides: "The time in which a notice of appeal may be filed from a judgment or order appealable under this Rule 304(b) shall be as provided in Rule 303." Ill. S. Ct. R. 304 (eff. Mar. 8, 2016). Rule 303(a)(1) provides, in relevant part, that a "notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). "When Rule 304(b) makes an order immediately appealable, that appeal is not elective—any claim of error is lost if not raised then." *Washington Mutual*, 385 Ill. App. 3d at 430; see also *In re Marriage of Parker*, 216 Ill. App. 3d 672, 678 (1991) ("An order from which an appeal may be taken may not be reviewed on appeal from a subsequent order entered in the same cause.").

¶ 14    Here, Heartland did not file a notice of appeal within 30 days of the circuit court's final and appealable judgment on Hernandez's section 2-1401 petition. We therefore lack jurisdiction to consider the circuit court's order granting Hernandez's section 2-1401 petition.

¶ 15    We also note that after the circuit court granted the relief requested in Hernandez's section 2-1401 petition—vacating the February 23, 2017, default judgment against him—Heartland proceeded to mandatory arbitration against both Katz and Hernandez on the merits of Heartland's claims, resulting in the circuit court entering judgment on the arbitration award in favor of Hernandez and against Heartland. "A party who chooses to proceed to trial instead of directly appealing an order vacating a prior judgment is precluded from attacking the order vacating the initial judgment after the subsequent trial and judgment." *In re Marriage of Parker*, 216 Ill. App. 3d at 678. By seeking reversal of the circuit court's order granting Hernandez's section 2-1401 petition after having lost at arbitration, Heartland is attempting to get a second bite at the apple and obtain relief that it has already been denied. Rule 304(b)(3) operates to prevent this exact scenario, and Heartland's attempt at a second bite is jurisdictionally barred.

¶ 16    We do have jurisdiction to review the circuit court's order denying Heartland's attorney fee petition against Katz. That order was a final judgment, as the petition was timely filed within 30 days of the entry of judgment on the arbitration award, and Heartland filed a notice of appeal within 30 days of the denial of its petition for attorney fees. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303(a)(1) (eff. Mar. 8, 2016).

¶ 17                                    III. ANALYSIS

¶ 18    On appeal, Heartland argues that the circuit court abused its discretion by denying Heartland's petition for attorney fees against Katz. Heartland contends that there were three provisions of the lease agreement that provided for attorney fees. It argues that its attorney submitted an affidavit attesting to attorney fees of $37,030. This amount is unrebutted, as Katz did not file a response to the attorney fee petition. Heartland, however, advances no argument and cites no authority on the issue of whether a party may seek contractual attorney fees in the circuit court after the circuit court enters a judgment on an arbitration award, particularly where the party seeking attorney fees could have pursued their claim for attorney fees at arbitration.

As mentioned above, Katz has not filed an appellee brief (*supra* ¶ 9), so we consider Heartland's argument solely on Heartland's brief and the record on appeal under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 19    In *Cruz v. Northwestern Chrysler Plymouth Sales, Inc.*, 285 Ill. App. 3d 814 (1996), the plaintiff filed common law and statutory claims against an automobile dealership, a financing company, and an automobile manufacturer. The plaintiff prevailed at arbitration, and the circuit court entered judgment on the arbitration award. The plaintiff then petitioned the circuit court for statutory attorney fees. *Id.* at 816. The circuit court granted the plaintiff's fee petition, but a panel of this court reversed. The appellate court in *Cruz* determined that, because the arbitration award did not specify whether it was premised on a statutory violation (*id.* at 817), it could not determine whether the plaintiff prevailed on any statutory claim that entitled her to statutory attorney fees and reversed the circuit court's judgment awarding plaintiff attorney fees (*id.* at 818-19).

¶ 20    *Kolar v. Arlington Toyota, Inc.*, 286 Ill. App. 3d 43 (1996), also involved common law and statutory claims against an automobile dealer. The plaintiffs prevailed at arbitration, and the circuit court entered judgment on the arbitration award. *Id.* at 44. The plaintiffs petitioned the circuit court for attorney fees, which the circuit court granted. *Id.* at 44-45. On appeal, a different panel of this court reversed the award of attorney fees by the circuit court. The *Kolar* court reasoned that, under our supreme court rules governing court-annexed arbitration, every claim that a plaintiff has, including a claim for attorney fees, must be presented to the arbitration panel and that, once the arbitration panel rules, its entire award must either be accepted or rejected. *Id.* at 45-47. It did not matter whether the arbitration award specified the basis for its award because the issue of attorney fees could have—and should have—been addressed during arbitration. *Id.* at 46-47.

¶ 21    The plaintiffs in *Cruz* and *Kolar* petitioned our supreme court for leave to appeal. The petitions were allowed, and the appeals were consolidated. See *Cruz v. Northwestern Chrysler Plymouth Sales, Inc.*, 179 Ill. 2d 271 (1997). Our supreme court held that when a party prevails in mandatory arbitration and does not present a fee petition seeking statutory attorney fees to the arbitrator, the party may not seek statutory attorney fees in the circuit court after the entry of judgment on an arbitration award. Our supreme court adopted the reasoning in *Kolar*, and explained:

> "Under our rules for mandatory court-annexed arbitration, the role of the circuit court is limited. Where, as here, a case is subject to mandatory arbitration and is submitted to a panel of arbitrators for hearing, the responsibility for administering oaths, ruling on the admissibility of evidence, and, most importantly, deciding the law and facts of the case is expressly vested in the arbitrators. 166 Ill. 2d R. 90(a). The circuit court plays no role in adjudicating the merits of the case. Authority for making a determination in favor of one party or the other rests exclusively with the arbitrators, and Rule 92(b) expressly states that the arbitration panel's award 'shall dispose of all claims for relief.' 155 Ill. 2d R. 92(b).
>
> Once the arbitration panel has made its award, the parties must accept or reject the award in its entirety. If none of the parties file a notice of rejection of the award and request to proceed to trial within the time specified under the rules, the circuit court has no real function beyond entering judgment on the award. 155 Ill. 2d R. 92(c). Although

- 5 -

the court can correct an 'obvious and unambiguous error in mathematics or language' (155 Ill. 2d R. 92(d)), it cannot modify the substantive provisions of the award or grant any monetary relief in addition to the sums awarded by the arbitrators.

A claim for statutory attorney fees is as much a 'claim for relief' under this rule as is a prayer for damages. Indeed, in consumer fraud cases the attorney fee awards can easily constitute the largest part of a plaintiff's recovery. The legislature realized this when it enacted the fee-shifting provision of the Consumer Fraud Act. That provision is premised on the recognition that plaintiffs would be reluctant to seek redress for consumer fraud if the recovery would be nearly or completely consumed by attorney fees and was designed to encourage plaintiffs who have a cause of action to sue even if recovery would be small." *Id.* at 279-80.

¶ 22 We find that the same reasoning our supreme court applied in *Cruz* to statutory attorney fees applies to contractual attorney fees. Here, Heartland's complaint prayed for an award of contractual attorney fees and attached a copy of the lease agreement to its complaint. When Heartland obtained its original default judgment against defendants, the judgment amount included an award of $1500 in attorney fees. After the default judgment was vacated, all of Heartland's claims against Hernandez and Katz were submitted to mandatory court-annexed arbitration. There is nothing in the record to suggest whether Heartland submitted its claim for contractual attorney fees as part of the arbitration. Therefore, because no party rejected the arbitration award, the circuit court "ha[d] no real function beyond entering judgment on the award" and it could not "modify the substantive provisions of the award or grant any monetary relief in addition to the sums awarded by the arbitrators" (*id.* at 279), and the judgment entered by the circuit court on the arbitration award operates as the entire judgment to which Heartland was entitled.

¶ 23 Here, the operable lease agreement clearly contains a fee-shifting provision, which reflects an agreement that enforcement of the lease terms could result in the prevailing party's attorney fees being assessed against the losing party.[6] In the underlying litigation, Heartland knew all along that it wanted its attorney fees to be included in any judgment against defendants: it prayed for attorney fees in its complaint and obtained them as part of the original default judgment that was subsequently vacated. After prevailing at arbitration, Heartland could have rejected the arbitration award if it was not satisfied with the award because its attorney fees were inadequate, insufficient, or not awarded and proceeded to trial. Ill. S. Ct. R. 93(a) (eff. Jan. 1, 1997). It did not do so. By allowing the circuit court to enter judgment on the arbitration award, any claim for attorney fees sought by Heartland was lost. The circuit court did not commit any error by denying Heartland's attorney fee petition.

---

[6]Section 11.7 of the lease agreement provides:

"In the event that [L]andlord should retain counsel and/or institute any suit against Tenant for violation of or to enforce any of the covenants or conditions of this Lease, or should Tenant institute any suit against Landlord for violation of any of the covenants or conditions of this Lease, or should either party institute a suit against the other for a declaration of rights hereunder, or should either party intervene in any suit in which the other is a party, to enforce or protect its interest or rights hereunder, the prevailing party in any such suit shall be entitled to all of its costs, expenses and reasonable fees of its attorneys in connection therewith."

## IV. CONCLUSION

For the foregoing reasons, we lack jurisdiction to consider the portion of Heartland's appeal challenging the circuit court's order granting Hernandez's section 2-1401 petition. We affirm the judgment of the circuit court of Cook County denying Heartland's petition for attorney fees.

Affirmed in part and dismissed in part.