2021 IL App (1st) 190840-U

Nos. 1-19-0840, 1-19-0915, 1-19-0916 and 1-19-0917 (Consolidated)

Order filed August 12, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| MARSHALL SPIEGEL and CHICAGO TITLE TRUST COMPANY, as Trustee of Trust Number 8002351713, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | Consolidated Nos. 15 L 10817 |
| VALERIE HALL, LINDA MOSES, WILLIAM GASTERIS, JAMES WAITE, WILLIAM McCLINTIC, WILLIAM HALL, MARK BELONGIA, JOHN SCHRIVER, DUANE MORRIS LLP, and MICHAEL KIM, | ) ) ) ) ) ) | 15 CH 18825 16 L 3564 |
| Defendants | ) ) | |
| (Valerie Hall, William Hall, James Waite, Marie Francoise Waite, William McClintic, Corrine McClintic, Duane Morris LLP, Michael Kim, and Michael Kim & Associates, Defendants-Appellees; and John Xydakis, Nonparty Respondent-Appellant). | ) ) ) ) ) ) | Honorable Margaret A. Brennan, Judge, presiding. |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | ) | |
| 1618 SHERIDAN ROAD CONDOMINIUM ASSOCIATION, | ) ) ) | |
| Plaintiff-Appellee, | ) | |

Nos. 1-19-0840, 1-19-0915, 1-19-0916 and 1-19-0917 (Consolidated)

|                                                                                 |   |
|---------------------------------------------------------------------------------|---|
| v.                                                                              | ) |
|                                                                                 | ) |
| MARSHALL SPIEGEL, CHICAGO TITLE TRUST                                           | ) |
| COMPANY, as Trustee of Trust Number 8002351713,                                | ) |
| and FIRST BANK AND TRUST OF EVANSTON,                                          | ) |
|                                                                                 | ) |
|     Defendants                                             | ) |
|                                                                                 | ) |
| (Marshall Spiegel and Chicago Title Trust Company, as                          | ) |
| Trustee of Trust Number 4179, Defendants-Appellants).                          | ) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -        | ) |
| MARSHALL SPIEGEL and CHICAGO TITLE TRUST                                        | ) |
| COMPANY, as Trustee of Trust Number 8002351713,                                | ) |
|                                                                                 | ) |
|     Plaintiffs-Appellants,                                 | ) |
|                                                                                 | ) |
| v.                                                                              | ) |
|                                                                                 | ) |
| WILLIAM McCLINTIC, CORRINE McCLINTIC,                                           | ) |
| VALERIE HALL, JAMES WAITE, and MICHAEL KIM,                                     | ) |
|                                                                                 | ) |
|     Defendants                                             | ) |
|                                                                                 | ) |
| (Suzanne Costello, Robert Costello and 1618 N. Sheridan                        | ) |
| Road Condominium Association, Nominal Defendants;                              | ) |
| and William McClintic, Corrine McClintic, Valerie Hall,                        | ) |
| James Waite, and Michael Kim, Defendants-Appellees).                           | ) |

JUSTICE LAMPKIN delivered the judgment of the court.
Justices Reyes and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where the trial court granted, *inter alia*, awards of attorney fees and costs under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) against the appellants, appellants' appeal of multiple trial court orders is dismissed for lack of jurisdiction because the other parties timely filed petitions in the trial court to supplement their

requests for Rule 137 fees and costs and the record on appeal indicates that those petitions remain pending.

¶ 2     This litigation, which arose from multiple disputes among the residents of an eight-unit condominium building, consists of three consolidated circuit court cases. Two of the cases were filed by Marshall Spiegel and Chicago Title Trust Company, as trustee of trust Number 8002351713 (the trust), against the condominium's board members and residents, their legal counsel, and a property management company. One of the cases was filed by the condominium association against Spiegel, who was a resident of the building and former board member, and the trustee of the land trust that owned his condominium unit.

¶ 3     After Spiegel and the trustee received leave several times to file amended complaints to correct pleading deficiencies, the trial court granted the other litigants' motions to dismiss Spiegel and the trustees' consolidated claims pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2016)). Subsequently, the trial court denied Spiegel and the trustee's request for leave to file a fifth amended complaint, finding that the pleading still failed to allege a cause of action and was frivolous. Thereafter, the trial court granted the petitions of the condominium association, several condominium residents, and their legal counsel for sanctions against Spiegel and his attorney John Xydakis for pursuing this harassing and frivolous litigation. The trial court also enjoined Spiegel from filing any additional actions against his neighbors and their counsel concerning the underlying claims of these consolidated cases.

¶ 4     On appeal, appellants Spiegel, the trustee and Xydakis argue that the trial court erred by (1) denying their motions to substitute and disqualify the trial court judge, (2) dismissing their amended complaint and denying them leave to replead, (3) granting the condominium association

a temporary restraining order against Spiegel, and (4) awarding the condominium association, a board member, and their legal counsel sanctions against Spiegel and Xydakis.

¶ 5    On December 3, 2020, this court affirmed the judgment of the trial court. However, appellants timely filed petitions for rehearing that clarified their position on this court's jurisdiction over this appeal. On August 9, 2021, this court granted their petitions for rehearing, which nullified our December 3, 2020 decision, and stated that a new decision would be issued forthwith.

¶ 6    For the reasons that follow, we dismiss this appeal for lack of jurisdiction.[1]

¶ 7                                    I. BACKGROUND

¶ 8    This matter involves the residents of an eight unit building in Wilmette organized as the 1618 Sheridan Road Condominium Association (Association). When the president of the Association's board of directors (Board) resigned in the fall of 2015 for health reasons, Spiegel was serving on the Board as the secretary and Valerie Hall was serving as the treasurer. Spiegel declared himself acting president over Hall's objection.

¶ 9    In October 2015, Spiegel attempted to terminate the Association's existing relationship with its legal counsel, Michael Kim, and his firm, without convening an open meeting of the Board and over Hall's objection. Spiegel also attempted, over Hall's objection, to terminate the services of the Association's existing property management company and engaged the services of another property management company. Then Spiegel initiated the lawsuit at issue in this appeal on behalf of the Association despite Hall's objection and without the authorization of the Board. Specifically, in October 2015, Spiegel's attorney Xydakis filed the complaint in case No.

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

15-L-10817 on behalf of Spiegel, individually and derivatively on behalf of the Association, and the trustee of his land trust against certain members of the Board for defamation, invasion of privacy and breach of contract. When the third amended complaint in this matter was filed in December 2015, the Association was deleted as a co-plaintiff. On February 8, 2016, the fourth amended complaint in this matter was filed on behalf of plaintiff Spiegel and the trustee of trust number 8002351713.

¶ 10    For the majority of the time period relevant to this dispute, the Board members were Valerie Hall, James Waite, and William McClintic. During this litigation, Spiegel and the trustee added the Board members' spouses as defendants to this litigation. The Halls were represented by John T. Schriver and Duane Morris LLP (Duane Morris). Eventually, Spiegel and the trustee added Schriver and Duane Morris as defendants to this litigation. Spiegel and the trustee also added attorney Kim and his firm as defendants to this litigation.

¶ 11    Meanwhile, in December 2015, the Association filed a complaint for declaratory and injunctive relief, case No. 15-CH-18825, against Spiegel and the trustee. The Association sought declarations from the court that the members of the Board were unit owners and duly elected to the Board and that Spiegel acted wrongfully and without authority by seeking to take over the Board. The Association also sought to enjoin Spiegel from interfering with the functions of the duly elected Board. On January 11, 2016, the Association moved the court for a temporary restraining order (TRO) to stop Spiegel from continuing to prevent the Board from functioning. Spiegel was served with the complaint and TRO motion on January 11, 2016.

¶ 12    In January 2016, the trial court heard the Association's TRO motion in case No. 15-CH-18825. Spiegel was not present; although Xydakis was present, he informed the trial court

that he was not appearing on behalf of Spiegel in this matter. The Association presented evidence showing that one of its bank accounts was frozen after Spiegel, without authorization, attempted to substitute himself and his newly hired property management company as signatories on the account in place of Hall and the existing property manager. Further, the Association learned that its bank account at another bank also was frozen after Spiegel and Xydakis informed the bank that the account needed to be frozen due to this litigation. Meanwhile, the condominium unit owners and Board held meetings and elected James Waite as a new Board member and president. Then the Board voted to reengage attorney Kim and the property management company that Spiegel had fired. In November 2015, the Board held a special meeting and authorized the commencement of litigation to obtain injunctive relief against Spiegel. In December 2015, the unit owners voted at a special meeting and removed Spiegel from the Board and elected William McClintic to fill the vacant seat. The Association argued that Spiegel interfered with its ability to pay its bills and conduct elections, refused to abide by the decisions of the properly elected Board, caused the Association to incur significant expenses to defend itself and assert its lawful rights, and otherwise threw the Association into complete disarray and prevented it from functioning.

¶ 13    The trial court granted the Association a TRO that restrained Spiegel from claiming the authority to act as Board president and from engaging in any actions with third parties on behalf of the Association. The court found that the Association gave Spiegel proper notice of the TRO motion, made an overwhelming case that the requested relief was warranted, had a protectable interest to ensure it could carry out its valid functions, and established irreparable harm, no adequate remedy at law, and a likelihood of success on the merits of its claim.

¶ 14    In February 2016, two separate motions for substitution of judge as a matter of right (SOJ) were filed in case No. 15-L-10817 on behalf of Spiegel and his land trust. The trial court granted the motion for substitution on behalf of the trust and allowed Spiegel to withdraw his motion without prejudice.

¶ 15    In April 2016, Spiegel and the trustee filed a complaint, case No. 16-L-3564, which raised the same or similar claims against many of the same parties that were raised in case No. 15-L-10817. Specifically, Spiegel sought monetary relief from unit owners and others for alleged tortious actions, including battery and intrusion upon seclusion, and breach of contract. He alleged that, after the court awarded the Association the TRO against him, the Board was trying to remove him from the building by spying on him, accusing him of disturbing the peace and filing false police reports against him. Spiegel also sought declaratory relief, asking the court to declare that his challenged actions were authorized and in accordance with his capacity as a duly elected Board member and he was entitled to indemnification and records from the Association.

¶ 16    In May 2016, the Association, Board, and other residents moved to consolidate case Nos. 15-L-10817, 15-CH-18825 and 16-L-3564, arguing that the complaints in these cases revealed that all the allegations arose from and related to the relationships and conduct of the various parties as unit owners at the Association property. In September 2016, the trial court consolidated the Association's case No. 15-CH-18825 and Spiegel's case No. 16-L-3564 into case No. 15-L-10817.

¶ 17    In June 2017, the trial court granted the motions of the Association, Board, unit owners and their attorneys to dismiss Spiegel and the trustee's fourth amended complaint in case No. 15-L-10817 pursuant to section 2-615 of the Code for failure to state a claim. The court stated that the allegations of the complaint were wholly conclusory and lacked specific and factual details

necessary to state a cause of action. The court also *sua sponte* struck Spiegel and the trustee's complaint in case No. 16-L-3564. The trial court ordered Spiegel and the trustee to seek leave of the court to replead their amended complaint.

¶ 18    In August 2017, Spiegel and the trustee sought leave to replead with their proposed fifth amended complaint, which contained 99 counts, 1436 paragraphs and was over 200 pages. Spiegel also moved for an SOJ. Spiegel's SOJ motion was granted, and the case was reassigned. Thereafter, the court granted an SOJ motion by one of the Association parties, and the case was reassigned again.

¶ 19    In September 2017, another SOJ motion was filed on behalf of Spiegel's land trust. The trial court, however, denied that motion, finding that the trust had already received an SOJ.

¶ 20    On February 8, 2018, the court denied Spiegel and the trustee leave to replead the complaint. The court stated that Spiegel and his attorney Xydakis had engaged in the "baffling" conduct of piling on further deficient and frivolous claims despite six opportunities to plead a cause of action and the court's clear admonitions to correct the deficient and frivolous pleading. The court added that Spiegel and Xydakis's act of simply restating the same allegations that the trial court had already determined were not good enough to state a cause of action was harassment. When Spiegel and the trustee moved the court to reconsider this denial of leave to replead, the trial court denied their motion to reconsider on July 11, 2018.

¶ 21    Meanwhile, on February 28, 2018, Spiegel and the trustee also filed a petition for recusal or substitution of the trial court judge for cause, alleging that the Association's counsel, Gene Murphy, had engaged in multiple *ex parte* communications with the trial court.

¶ 22     In response, defendants filed the sworn affidavit of Murphy, who averred that all of his contacts were with judicial staff, not the judge, and were inquiries about either the scheduling of court dates or the court's receipt of courtesy copies. Murphy averred that he did not engage in any *ex parte* discussions of the substance of the case with the trial court or judicial staff.

¶ 23     Furthermore, the trial judge stated on the record:

> "I did not speak with counsel at all. I mean this is an allegation that you have made. But I did not speak with counsel at all concerning anything about this case. That I don't know where you are coming from with this. But it's the allegations that you have made and that's why another judge will look at this. But I have not spoken with counsel about this. I have had conversations about various colleges my daughter is looking at and we talked about other things. But I don't recall ever speaking with counsel about this case. I don't do that. In my 16 years, counsel, on the bench, I have never done that. So, you know, I struggle with what you are trying to point to because it's just not my nature to do that. So there we go."

¶ 24     Spiegel's petition for recusal or disqualification of the judge was heard by another Cook County Circuit Court judge, who denied it in May 2018. Spiegel moved for reconsideration, and the trial court denied that motion.

¶ 25     Between May and July of 2018, the parties filed four separate petitions for sanctions under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). Specifically, Spiegel sought sanctions against Hall and her legal counsel; the Association, various unit owners and their counsel; and attorney Kim, his firm, and their counsel. Hall and her counsel sought sanctions against Spiegel and his

attorney Xydakis. The Association also sought sanctions against Spiegel and Xydakis. Kim sought sanctions against only Spiegel.

¶ 26    Xydakis moved the court for an SOJ regarding the pending Rule 137 sanction petitions, arguing that the petitions initiated criminal contempt proceedings against him, the caselaw indicated that counsel may file his own SOJ motion when Rule 137 sanctions are sought against both counsel and his client, and Xydakis could not get a fair and impartial trial by the court.

¶ 27    In November 2018, the trial court denied Xydakis's SOJ motion, stating that the parties and the court had not initiated criminal contempt proceedings against him; he was attempting to reframe the petitions for Rule 137 sanction as a matter of criminal contempt to obtain a jury trial, seek discovery and petition once more for an SOJ; Rule 137 specifically provided that a sanction proceeding brought under the rule did not give rise to a separate civil suit; both of his two clients had already exercised their SOJ rights in this matter; and the motion was untimely because the statutory provision governing SOJs allows a party to exercise this right before the presiding judge has ruled on a substantial issue and court had already made several substantive rulings.

¶ 28    Also in November 2018, the trial court denied Spiegel and the trustee's motion for the trial court judge to disqualify herself from further proceedings in this matter or, alternatively, from ruling on the Rule 137 sanction petitions and disclose in open court what was said at nine purported *ex parte* communications. The trial court found no basis for recusal because Spiegel failed to attach the requisite affidavit to support an SOJ motion; Spiegel had already sought an SOJ, which was denied; this request was made six months after the alleged statements showing bias or prejudice; and Spiegel failed to show the requisite actual prejudice to support a motion to disqualify a judge

because the alleged *ex parte* communications were merely communications between opposing counsel and the court's coordinator, but not the court's law clerk, about scheduling matters.

¶ 29    Thereafter, Xydakis filed another SOJ motion, arguing that he was party to this action because a Rule 137 sanction petition that adds an attorney constituted a new claim filed against a new party. He also argued that he was a party because he had filed an appearance in October 2018 in response to Valerie Hall's counterclaim, which named him as a defendant.

¶ 30    In December 2018, the trial court denied Xydakis's SOJ motion, finding that (1) Hall's counterclaim, which was withdrawn nearly two years ago, did not support Xydakis's assertion that he was still a party, (2) an attorney against whom sanctions were awarded was a nonparty, (3) Rule 137 provides that a sanction proceeding under the rule does not give rise to a separate civil suit, and (4) Xydakis's two clients already exercised their SOJ rights and the court had already made several substantive rulings in this matter.

¶ 31    On February 6, 2019, the trial court stayed the filing of any further motions or petitions, except for the pending Rule 137 sanction petitions, until the court ruled on the parties' four pending Rule 137 sanction petitions.

¶ 32    On March 29, 2019, the trial court denied Spiegel's petition for Rule 137 sanctions and granted the petitions for Rule 137 sanctions filed by Hall and her counsel, the Association, and Kim. In all four orders, the court repeatedly referred to Spiegel's and Xydakis's abusive litigation tactics of filing complaints filled with baseless accusations, misrepresenting case law by reversing or altering holdings, filing lawsuits for the sole purpose of harassment, increasing costs and delay, and filing objectively unreasonable motions to disqualify counsel and judges. The court ordered Spiegel and Xydakis to pay by May 1, 2019, (1) sanctions of $360,964 to Hall, (2) sanctions of $25,000 to her counsel Duane Morris, (3) $473,442.08 in attorney fees and $27,878 for increased

insurance costs to the Association, and (4) sanctions of $174,388.89 to Kim. Additionally, the court enjoined Spiegel from filing any additional actions against his neighbors and their attorneys concerning the underlying claims of these consolidated cases.

¶ 33    On April 22, 2019, Spiegel, the trust and Xydakis filed a notice of interlocutory appeal under Illinois Supreme Court Rules 304(b)(5) (eff. March 8, 2016) and 307(a)(1) (eff. Nov. 7, 2017) regarding the trial court's March 29, 2019 orders that imposed Rule 137 sanctions on them and enjoined them from litigation, and the court's prior orders that denied their SOJ motions, disqualification motion and discovery motions regarding that disqualification. On April 29, 2019, they amended their notice of appeal to sever their Rule 307(a)(1) interlocutory appeal from their Rule 304(b)(5) appeal from a final judgment. Ultimately, in August 2019, this court consolidated these appeals.

¶ 34    In their brief on appeal, appellants Spiegel, the trustee and Xydakis argued that the trial court erred by denying their SOJ motions and motions to disqualify based on *ex parte* discussions, by dismissing their complaints and denying them leave to replead, by granting the Association's request for the TRO against Spiegel, and by granting the Rule 137 sanction petitions of Hall and her counsel, the Association and Kim. Appellants also argued that the attorney fee awards did not comply with the standards of Rule 137, the sanction orders violated due process and failed to make specific findings, and clients generally are not liable for their counsel's sanctionable act.

¶ 35    Regarding this court's jurisdiction, appellants stated that this court had jurisdiction of this appeal based on Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017) because they were appealing final orders that (1) dismissed their fourth amended complaint on June 14, 2017, under section 2-615 of the Code, (2) denied them, on February 8, 2018, leave to

replead their complaint, (3) denied, on July 30, 2018, reconsideration of that February 2018 order, and (4) entered, on March 29, 2019, three Rule 137 sanction orders totaling $1,061,672.97 against Spiegel and Xydakis.

¶ 36    Appellants also vaguely stated that, in the alternative, if the three March 2019 Rule 137 sanction orders were not final because the trial court afterward "entered and continued three additional sanction petitions *** for fees sought before March 29, 2019 that would impose additional sanctions after a ruling on this appeal," then the March 2019 Rule 137 sanction orders were appealable interlocutory orders under Illinois Supreme Court Rules 304(b)(5) (eff. March 8, 2016) and 307(a)(1) because "they imposed and ordered payment of a contempt/penalty of $1,061,672.97 and enjoined a party from further litigation" and appellants filed the requisite and timely interlocutory appeal notices.

¶ 37    The appellees' brief made no statement regarding this court's jurisdiction.

¶ 38    In their reply brief, appellants made a vague statement that this court would lack jurisdiction over this appeal if we decided that "the sanctions fall under Rule 137" instead of contempt findings under Rule 304(b)(5) because the trial court entered and continued three supplemental fee petitions. Appellants did not provide specific facts to support this statement, and their citations to the record referred to non-existent five-digit page numbers even though the highest page number in the electronically filed record on appeal was only four digits long. Furthermore, most of appellants' page references in their table of contents of the record did not coincide with the page numbers of the electronically filed record on appeal.

¶ 39    On December 3, 2020, this court affirmed the judgment of the circuit court, which had ruled in favor of appellees and against appellants.

¶ 40   In January 2021, appellants moved to stay or extend the time to file their petitions for rehearing, alleging that Spiegel "filed Chapter 11 bankruptcy (No. 20-21625, N.D. Ill.)" on December 16, 2020. This court denied without prejudice the motion to stay and granted the extension request.

¶ 41   In their petitions for rehearing, appellants argued for the first time with any clarity that this court lacked jurisdiction because timely supplemental petitions for Rule 137 sanctions were pending in the trial court, which had reserved ruling on those petitions and did not make a finding under Rule 304(a) that there was no just reason for delaying appeal of the March 2019 Rule 137 sanction orders.

¶ 42                                      II. ANALYSIS

¶ 43   A court of review is entitled to have briefs submitted that are articulate, organized, and present cohesive legal argument in conformity with our supreme court rules. *Schwartz v. Great Central Insurance Co.*, 188 Ill. App. 3d 264, 268 (1989). A reviewing court is also entitled to have issues clearly defined with pertinent authority cited and coherent arguments presented; arguments inadequately presented on appeal are forfeited. *Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc.*, 118 Ill. 2d 389, 401 (1987); see also *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 12 (the failure to provide proper citations to the record is a violation of Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020); *In re Estate of Kunz*, 7 Ill. App. 3d 760, 763 (1972) ("Reviewing courts are entitled to have the issues clearly defined [and] to be cited pertinent authorities and are not a depository in which an appellant is to dump the entire matter of pleadings, court action, argument, and research as it were, upon the court."). Here, appellants failed to apprise this court with clear statements regarding jurisdiction and accurate citations to the record

about the appellees' April 2019 supplemental Rule 137 petitions and the trial court's decision to refrain from ruling on those supplemental petitions until after this court rendered its decision in this appeal.

¶ 44     Nevertheless, we have a duty to examine our jurisdiction and dismiss an appeal if we find that jurisdiction is lacking. *Heartland Bank & Trust v. Katz*, 2020 IL App (1st) 182259, ¶ 11; *In re Estate of Young*, 2020 IL App (2d) 190392, ¶ 16. Appellants have the burden of establishing appellate jurisdiction. *Shared Imaging, LLC v. Hamer*, 2017 IL App (1st) 152817, ¶ 19. Whether a court has jurisdiction is a question of law, which this court reviews *de novo. John G. Phillips & Associates v. Brown,* 197 Ill. 2d at 337, 339 (2001); see also *Thomas v. Weatherguard Construction Co., Inc.*, 2015 IL App (1st) 142785, ¶ 63 (under *de novo* review, the reviewing court performs the same analysis that a trial judge would perform).

¶ 45     According to the record, after the trial court ruled on the four Rule 137 sanction petitions on March 29, 2019, appellants, on April 22, 2019, filed their notice of interlocutory appeal of those March 29, 2019 orders and others. Then, on April 29, 2019, appellants amended their notice of appeal to sever their Rule 307(a)(1) interlocutory appeal from their Rule 304(b)(5) appeal from a final judgment.

¶ 46     Also on April 29, 2019, Hall, the Association, and Kim moved to supplement their Rule 137 petitions for sanctions. Hall sought $26,871 in additional reimbursement for her attorney fees and costs incurred from January 1 through March 29, 2019. The Association sought over $80,000 in additional reimbursement for attorney fees and costs incurred through March 29, 2019. Kim moved to supplement his Rule 137 sanction petition and modify the court's March 29, 2019 decision that denied him fees and costs for work-in-progress. Under Rule 137, Kim sought

$44,033.04 in additional reimbursement for fees and costs incurred from November 1, 2018, through March 29, 2019.

¶ 47    On May 8, 2019, Spiegel and Xydakis objected to the trial court's jurisdiction, arguing that they had already appealed the March 29, 2019 sanction orders, the court could not enter an order that would modify the order or judgment being appealed, the March 29, 2019 sanctions were final because more than 30 days had lapsed and the motions to supplement the Rule 137 petitions were not sufficient to toll that 30-day period because those motions were not postjudgment motions directed against the verdict.

¶ 48    On May 10, 2019, the trial court "entered and continued" the three pending Rule 137 petition supplements "until the appellate court rules."

¶ 49    Every final judgment in a civil case is appealable pursuant to Supreme Court Rule 301, and jurisdiction is vested in the appellate court to hear the appeal of that final judgment upon the filing of a notice of appeal. *In re Application of County Treasurer v. Phoenix Bond and Indemnity Company*, 208 Ill. App. 3d 561, 564 (1990). "A final judgment is one which fixes absolutely and finally the rights of the parties in the lawsuit; it is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *Nelson v. United Airlines, Inc.*, 243 Ill. App. 3d 795, 799 (1993).

¶ 50    The time for filing the notice of appeal is specified in Rule 303(a)(1). That rule provides in relevant part:

> "The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, whether in a jury or a nonjury case,

within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order, irrespective of whether the circuit court had entered a series of final orders that were modified pursuant to postjudgment motions. A judgment or order is not final and appealable while a Rule 137 claim remains pending unless the court enters a finding pursuant to Rule 304(a). A notice of appeal filed after the court announces a decision, but before the entry of the judgment or order, is treated as filed on the date of and after the entry of the judgment or order." Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 51 For purposes of Rule 303, "an order or judgment is final if it terminates the litigation between the parties on the merits of the cause or disposes of the rights of the parties either upon the entire controversy or upon some definite part thereof." *F.H. Prince & Co., Inc. v. Towers Financial Corp.*, 266 Ill. App. 3d 977, 982 (1994).

¶ 52 When a final judgment or order does not dispose of all matters presented to the court, Supreme Court Rule 304(a) governs. That rule states:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to

- 17 -

revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. S. Ct. R. 304(a) (eff. March 8, 2016).

¶ 53 A "claim" under the terms of Rule 304 has been defined as "any right, liability or matter raised in an action. If an order does not resolve every right, liability or matter raised, it must contain an express finding that there is no just reason for delaying an appeal. Otherwise, the order is not appealable." *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 465 (1990). A request for attorney fees is a claim within the meaning of Rule 304(a).

¶ 54 A petition for sanctions under Rule 137 can be filed at any time during the litigation. *Peterson v. Randhava,* 313 Ill. App. 3d 1, 7 (2000) (the plain language of the rule does not preclude a party from filing a Rule 137 motion at an early stage but, rather, merely indicates that the motion must be brought within the civil action in which the pleading, motion or other document has been filed). Although it may be filed after entry of judgment, a claim for attorney fees is not a posttrial motion within sections 2-1202 and 2-1203 of the Code (735 ILCS 5/2-1202, 5/2-1203 (West 2016)) nor, even if viewed as a motion to modify the judgment, is it a posttrial motion "directed against the judgment" within the meaning of Supreme Court Rule 303(a). *Marsh*, 138 Ill. 2d at 462.

¶ 55 Consequently, if a trial court has jurisdiction to hear a claim for fees, any other judgment entered in the case before the claim for fees is ruled upon is or becomes nonfinal and non-appealable when the claim for fees is made, unless the prior judgment contains the language set forth in Rule 304(a), that there is no just reason to delay enforcement or appeal. Any notice of appeal filed before or after the filing of a timely claim for fees is premature under Rule 301 while

the claim for fees remains pending; and the appeal must be dismissed unless the otherwise final order being appealed from satisfies the requirements of Rule 304(a). *Marsh*, 138 Ill. 2d at 464.

¶ 56    Applying the rules and case law to the facts in the instant case, it is clear that appellees' three supplements to their petitions for Rule 137 fees were claims within the meaning of Supreme Court Rule 304(a). The March 29, 2019 orders, which granted attorney fees and costs through the dates those petitions were filed, could have been a final judgment for purposes of Supreme Court Rule 301 because it adjudicated all the requests for attorney fees and costs pending before the trial court at that time. However, the trial court had previously stayed the filing of any further motions until it ruled on those pending Rule 137 petitions. Even though appellants had already filed notices of appeal on April 22 and 29, 2019, the appellees' supplements to their Rule 137 petitions for fees and costs incurred through March 29, 2019, were timely because they were filed within 30 days of the March 29, 2019 orders. Because those March 29, 2019 orders do not contain a finding under Rule 304(a) that there is no just reason for delaying an appeal, we conclude that appellants' appeal must be dismissed for lack of appellate jurisdiction.

¶ 57                                 III. CONCLUSION

¶ 58    For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

¶ 59    Appeal dismissed.